1  C. YONG JEONG, ESQ. (SBN 255244)
   THOMAS RIMBACH, ESQ. (SBN 286361)
2  JEONG & LIKENS, L.C.
3  1055 West 7th Street, Suite 2280
   Los Angeles, CA 90017
4  Tel: 213-688-2001
   Fax: 213-688-2002
5  Email: Jeong@jeonglikens.com
           Thomas@jeonglikens.com
6
7  Attorneys for Defendant

8

9          THE UNITED STATES DISTRICT COURT
10   FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11  BONITA FABRICS, INC.,                    Case No.: 2:11-cv-07594-PSG-JEM

12                        Plaintiff,
13  -against-                                *Assigned to the Hon. Philip S. Gutierrez,
                                             Courtroom 880*
14  KIRAT  ANAND,  AN  INDIVIDUAL,
    DBA KAS NEW YORK,                        **DEFENDANT'S MEMORANDUM OF**
15                                           **LAW IN SUPPORT OF HIS MOTION TO**
16                        Defendant.         **VACATE THE DEFAULT JUDGMENT**
                                             **PURSUANT TO FED. R. CIV. P. 55(c) &**
17                                           **60(b); DECLARATION OF CHAN YONG**
                                             **JEONG**
18

19

20                          __INTRODUCTION__

21          Kirat Anand, misidentified in the caption herein as "Kirat Anand, an individual, dba KAS

22  New York," ("Mr. Anand") by his attorneys, Jeong & Likens, L.C., hereby submits this

23  Memorandum of Law in support of his motion to vacate the default judgment pursuant to Fed. R.

24  Civ. P. 55(c) and 60(b) on the grounds that it is void, as this Court lacked personal jurisdiction

25  over him to issue the default judgment, and alternatively, that Plaintiff's misconduct and

26  misrepresentations as to jurisdiction warrant vacatur.

27          The default judgment in this action rests upon baseless and conclusory jurisdictional

28  allegations.   Bonita Fabrics, Inc. ("Bonita") wrongfully obtained a default judgment for

copyright infringement against Mr. Anand, in his individual capacity, despite having been informed repeatedly that Mr. Anand does not, and has not, at any time, conducted business as an individual or through a dba.  In a miscellaneous proceeding filed by Bonita in the United States District Court for the Southern District of New York (the "SDNY Action"), the court found there to be insufficient facts in the record to support an exercise of jurisdiction, however, allowed Bonita to take discovery, limited to the issue of jurisdiction. See Bonita Fabrics, Inc. v. Anand, Case No. 12-Misc.-0408 (RSW), ECF #12 (S.D.N.Y. April 22, 2013).[1]

Defendant now moves this Court to vacate the default judgment and to dismiss the instant action in its entirety.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about June 20, 2012, and as amended on January 9, 2013, Bonita obtained a default judgment and permanent injunction against Mr. Anand (the "Default Judgment"). See ECF Nos. 27 and 33. Mr. Anand had attempted to appear in the action prior to the entry of default, however, was out of the country and had not retained trial counsel. See ECF Nos. 29 and 30. Prior to the entry of the Default Judgment, the parties had engaged in settlement negotiations, however, when those negotiations did not result in a timely settlement, this Court issued an Order to Show Cause Why the Action Should not be Dismissed for Lack of Prosecution and gave Plaintiff 14 days to move for Default. Facing dismissal of the action, Plaintiff moved for a default judgment.  Mr. Anand, who was traveling abroad for work, was not able to retain counsel to represent him in the action before this Court granted the Default Judgment.  Mr. Anand

---

[1] The 90-day discovery period was extended due to serious health issues of Mr. Anand's counsel in the New York action, Adam Finkel, which impacted upon his ability to practice law.  Mr. Anand replaced Mr. Finkel with Lewis & Lin, LLC, after which jurisdictional discovery was promptly produced. The parties have since engaged in extensive jurisdictional discovery.  Mr. Anand produced responses to interrogatories and hundreds of pages of documents in response to Bonita's jurisdictional discovery demands, including corporate records, employee and customer contracts, invoices, cancelled checks, and tax returns, all of which confirm that Mr. Anand does not do business as "KAS New York."  The documents confirm that Dani II, Inc. ("Dani II") owns and operates the KAS New York label, is current on all of its state filings, is in good standing, and adheres to corporate formalities.  None of the discovery establishes the existence of any contacts with the State of California that would support an exercise of personal jurisdiction over Mr. Anand. On November 22, 2013, Mr. Anand filed a motion to dismiss the SDNY Action on the basis that he is not subject to personal jurisdiction in California.  The court in the SDNY Action scheduled a hearing for January 15, 2014, and the outcome of the motion is still pending.

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

respectfully submits that the Default Judgment was not supported by personal jurisdiction, and must be vacated.   Alternatively, Mr. Anand requests that the Court exercise its discretion in lifting the default judgment based upon Plaintiff's misconduct and misrepresentations to this Court.

The Jurisdictional Allegations

In the Complaint underlying the this action, Bonita made only one allegation as to jurisdiction over Mr. Anand:

> 4. Plaintiff is informed and believes and thereon alleges that defendant KIRAT S. ANAND, an individual, is doing business under the assumed name KAS NEW YORK, with its principal place of business located at 231 West 39th Street, Suite 1002, New York, New York 10018.  Plaintiff is informed and believes that KIRAT S. ANAND is doing business under the assumed name KAS NEW YORK in violation of New York law which requires assumed name filings. Plaintiff is informed and believes and thereon alleges that KAS NEW YORK is not a legal business entity, but the KAS NEW YORK website states at the URL www.kasnewyork.com/whoiskas.php: "Who is KAS? KAS was created by the *brand's* namesake and founder, Kirat S. Anand. Born and raised in New York with no formal training, Kirat knew that he wanted to make an imprint on the fashion world. . . . Realizing a void in the affordable luxury/contemporary womans's ready-to-wear market, he launched KAS New York in 2007." Plaintiff is informed and believes and thereon alleges that KIRAT S. ANAND, doing business as KAS NEW YORK is conducting business in this judicial district and has engaged in acts of copyright infringement in violation of Plaintiff's rights in this judicial district.

[ECF No. 6] (emphasis added).  The above allegations are premised entirely on a blurb on the KASNewYork.com Website, which discusses the history and inspiration behind the KAS New York *brand,* and a Wikipedia entry.  Not only is this representation completely inaccurate, as confirmed by the copious documents now produced by Defendant, but also Bonita's counsel was aware of its inaccuracy since prior to the inception of this action.   Notwithstanding this knowledge and awareness, in Bonita's Application for Default Judgment by Court [ECF No. 23],

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

Bonita's counsel reiterated these groundless jurisdictional allegations, yet now stated them as fact:

> Defendant argued that the wrong entity KAS NEW YORK had been named, but refused to provide any proof regarding the proper entity (*who Plaintiff has since discovered is Mr. Anand*);
>
> Defendant operated KAS as a dba in violation of New York law, without any fictitious business name statements, so as to avoid accountability for his infringement;
>
> *            *            *
>
> Defendant provided limited sales information . . .
>
> *            *            *
>
> [F]ees were necessarily incurred in connection with this litigation and were increased by Defendant's bad faith conduct which included evading service, *refusing to provide Plaintiff with any information that would assist with naming the proper defendant*. . .

[ECF No. 23] at 2-3, 5 (emphasis added).  In fact, Mr. Anand informed Bonita's counsel multiple times that Dani II was the proper entity *and* provided sales information that identified Dani II as the business behind the KAS New York *brand* – prior to Bonita making the above specious jurisdictional allegations.  A copy of the First Motion to Dismiss and supporting documents is attached to the Renewed Motion to Dismiss (hereinafter defined) as Exhibit 1 therein.[2]  <u>See</u> Declaration of Chan Yong Jeong ("Jeong Decl."), ¶ 2; Exhibit 1 at Anand Aff.

> <u>The SDNY Action</u>

On or about December 20, 2012, Bonita entered an amended registration of foreign judgment against Mr. Anand in the SDNY Action.  On March 25, 2013, Mr. Anand moved to dismiss the SDNY Action, for lack of personal jurisdiction (the "First Motion to Dismiss").

---

[2] In an Affidavit filed with the First Motion to Dismiss ("Anand Aff."), Mr. Anand averred that as he does not do business as "KAS New York," the jurisdictional allegations in Plaintiff's Complaint were false. <u>Id.</u> at Anand Aff., ¶ 2.  Further, Mr. Anand's Affidavit stated that, "KAS New York" is a fashion label/brand that is owned by a separate, New York corporation, Dani II. <u>Id.</u> at Anand Aff., ¶ 3.

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

On April 19, 2013, the court in the SDNY Action issued an Order denying the First Motion to Dismiss as premature and allowing Mr. Anand to file a renewed motion to dismiss after a 90-day period of limited jurisdictional discovery as to the corporate status of "KAS New York" and Dani II (the "Renewed Motion to Dismiss"). <u>See</u> Bonita Fabrics, Inc. v. Anand, Case No. 12-Misc.-0408 (RSW), ECF #12 (S.D.N.Y. April 22, 2013). A copy of the Renewed Motion to Dismiss and supporting documents is attached hereto as **Exhibit 1**.[3]  See Jeong Decl. at ¶ 2.

Bonita's purported jurisdictional evidence falls far short of establishing that Mr. Anand conducted the business of the KAS New York brand as a dba, especially when weighed against the overwhelming evidence to the contrary.  Accordingly, Defendant respectfully requests that this Court vacate the judgment and dismiss the underlying action.

<u>ARGUMENT</u>

**I.    The Court Must Vacate the Default Judgment and Dismiss this Action because It Did Not Have Personal Jurisdiction Over Mr. Anand or, Alternatively, because of Bonita's Misrepresentations and Misconduct**

**A.    Legal Standard**

Rule 55(c) provides that courts may "set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55.  Rule 60(b)(4) permits a court to relieve a party from a final judgment, <u>inter</u> <u>alia</u>, if it is void. Fed. R. Civ. P. 60(b)(4).   "It is well-established that a judgment entered

---

[3] On or about September 24, 2013, Mr. Anand answered 24 interrogatories and produced over 300 pages of documents in response to Plaintiff's document requests (the "First Production").  See Exhibit 1; Affirmation of Justin Mercer, Esq. at Exhibit A. All of the documents in the First Production show (1) that Dani II is a legal entity in good standing in the State of New York, (2) that Dani II followed all requisite corporate formalities in the operation of its business, and (3) that all business related to the sale of "KAS New York"-brand merchandise was conducted by and/or in the name of Dani II and not Mr. Anand, individually.  Notwithstanding the First Production, by letter dated October 22, 2013, Bonita requested additional documents and responses to interrogatories.  On or about November 13, 2013, Mr. Anand supplemented the First Production and provided, <u>inter</u> <u>alia</u>, 3 years of invoices as to Dani II's sale of KAS New York-brand products in the state of California and contact information for social media interns of Dani II (the "Second Production"). <u>See</u> Ex. 1, Mercer Aff. at Exhibit B.   Although not formally requested by Bonita, Mr. Anand also provided *all* customer invoices as to Dani II's sale of allegedly infringing KAS New York-brand products sold anywhere (the "Supplemental Invoices"). <u>See</u> Ex. 1, Mercer Aff. at Exhibit C.  As with the First Production, the Second Production and the Supplemental Invoices identify Dani II as the entity that conducted business related to the sale of KAS New York-brand products, and **not** Mr. Anand as an individual. Compare Mercer Aff. at Ex. A with Mercer Aff. at Exs. B and C; <u>see also</u> Affidavit of Ishveen Jolly.  Mr. Anand produced additional documents on December 2, 2013 (the "Third Production"), in response to what was becoming more and more of a fishing expedition by Bonita. Mr. Anand provided: examples of canceled checks for KAS New York merchandise made out to Dani II, packing slips in the name of Dani II, and sample credit card processing statements also in Dani II's name.

5

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

without personal jurisdiction over the parties is void." <u>Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica</u>, 614 F.2d 1247, 1255 (9th Cir. 1980)(hereinafter, "<u>Gonzalez</u>"); <u>see</u> Fed. R. Civ. P. 60(b)(4); <u>see also</u> <u>Pennoyer v. Neff</u>, 95 U.S. 714, 726-728 (1877).  Unlike motions brought pursuant to other provisions of Rule 60(b), "[t]here is no question of discretion on the part of the court when a motion is under Rule 60(b)(4)." <u>Gonzalez</u>, 614 F.2d at 1256.  "Either a judgment is void or it is valid." <u>Id.</u>

Rule 60(b) also empowers the courts to open and vacate final judgments in cases of, <u>inter alia</u>, "fraud, misrepresentation, or misconduct by an opposing party," when presented with "clear and convincing evidence" that the opposing party's conduct prevented the moving party from "fully and fairly presenting his case or defense." Fed. R. Civ. P. 60(b)(3); <u>see</u> <u>De Saracho v. Custom Food Machinery, Inc.</u>, 206 F. 3d 874, 880 (9th Cir. 2000) (citing <u>Rozier v. Ford Motor Co.</u>, 573 F.2d 1332, 1339 (5th Cir. 1978)). Rule 60(b)(3) "is remedial and should be liberally construed." <u>Atchison, Topeka and Santa Fe Railway Co. v. Barrett</u>, 246 F.2d 846, 849 (9th Cir. 1957).  "Protecting against [misconduct] under this rule is the same as the court's ability to impose sanctions through its Rule 11-like power." Henry Brownstein, Note, <u>Rule 60(b): A Rule Suitable For A <i>Sua Sponte</i> Motion</u>, 15 B.U. PUB. INT. L. J. 1, 165 (2005)(citing <u>R.C. by Ala. Disabilities Advocacy Program v. Nachman</u>, 969 F. Supp. 682, 690 (M.D. Ala. 1997)).  Courts have awarded Rule 11 sanctions for misconduct such as making unsubstantiated jurisdictional allegations. <u>See, e.g.</u>, <u>Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.</u>, 792 F.2d 797, 800-01 (9th Cir. 1986) (upholding an imposition of sanctions under Rule 11 concerning a complaint that "completely lacked a factual foundation for subject matter jurisdiction"); <u>Larson v. White Mountain Group, LLC</u>, Case No. CV 11-01111-PHX-FJM (D. Ariz. Nov. 17, 2011) (Rule 11 "does not carve out an exception for jurisdictional statements contained in pleadings, motions, or other papers, and [the Ninth] Circuit has awarded sanctions [for same]."); <u>Cohen v. Kurtzman</u>, 45 F.Supp. 2d 423 (D.N.J. 1999) (granting motion to dismiss and awarding Rule 11 sanctions on attorney for making baseless jurisdictional allegations in complaint and for refusing to withdraw same after being placed on notice of error by defendants); <u>Hussey Copper, Ltd. v. Oxford</u>

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

Financial Group, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (granting Rule 11 motion for unsupported jurisdictional allegations).

A motion brought pursuant to Rule (60)(b)(3) must be brought within a "reasonable time," but "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The one-year time limit does not apply to motions made under Rule (60)(b)(4). Id.

When a defendant has raised a jurisdictional challenge, plaintiff bears the burden of producing sufficient facts to establish that the exercise of personal jurisdiction is proper. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004). A plaintiff must demonstrate jurisdiction over each defendant individually. See Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990); see also Calder v. Jones, 465 U.S. 783 (1984). Rule 4(e) authorizes district courts to exercise personal jurisdiction over out-of-state, non-resident defendants to the extent permitted by the long arm statute of the forum state. See Fiore v. Walden, 688 F.3d 558, 573 (9th Cir. 2012); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

In California, the applicable statute is Section 410.10 of the California Code of Civil Procedure, which provides that courts in California shall exercise jurisdiction "on any basis not inconsistent with the Constitution of the United States." Thus, in California, an assertion of personal jurisdiction must comport with the Due Process Clause of the United States Constitution. See Fiore, 688 F.3d at 573 (9th Cir. 2012); Rocke v. Canadian Auto Sport Club, 660 F.2d 395, 398 (9th Cir. 1981). "Due process allows a court to exercise personal jurisdiction over a defendant only if 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Fiore, 688 F.3d at 562 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)) (emphasis omitted).

Thus, a plaintiff must demonstrate that each non-resident defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Fred Martin Motor Co., 374 F.3d at 801 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). For general jurisdiction, a plaintiff must establish that the non-resident defendant engaged in "continuous and

7

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

systematic general business contacts" that "approximate physical presence" in the forum state. Id. at 801 (internal citation omitted).  For specific jurisdiction, a plaintiff must establish that "(1) the defendant must have purposefully directed specific activities toward the state forum, (2) the plaintiff's claim must arise out of or relate to those specific forum-related activities, and (3) the exercise of jurisdiction must be reasonable." Fiore, 688 F. 3d at 564; see Yahoo! Inc. v. La Ligue Contre Le Racisme, 433 F. 3d 1199, 1206 (9th Cir. 2006) (en banc); Fred Martin Motor Co., 374 F. 3d at 802.

Moreover, "[u]nder the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." Wolf Designs, Inc. v. DHR Co., 322 F. Supp.2d 1065, 1072 (C.D. Cal. 2004) (quoting Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989)).

**B.     Plaintiff Has Not Met Its Burden To Establish Personal Jurisdiction Over The Individual Defendant Under the Governing Legal Standard.**

        i.     No facts support an exercise of general jurisdiction in California.

Bonita has not and cannot establish the existence of any facts to support a claim that Mr. Anand has engaged in "continuous and systematic general business contacts" in California. General jurisdiction is a "fairly high" standard that is tantamount to "approximate physical presence" in the foreign forum state.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).   Factors that courts consider include not only, "whether the defendant makes sales, solicits or engages in business in that state, serves the state, designates an agent for service of process, holds a license, or is incorporated there" (Bancroft & Masters, Inc., 223 F.3d at 1086), but also "longevity, continuity, volume, economic impact, physical presence [and] . . . integration into the state's regulatory or economic markets." Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1224 (9th Cir. 2011).

In Bancroft & Masters, the Ninth Circuit declined to find general jurisdiction over an out-of-state defendant where it was not registered or licensed to do business in California; paid no taxes in California; maintained no bank accounts in California; and targeted no print, television,

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

or radio advertising toward California; but occasionally sold to California residents and had executed license agreements with television networks and several California vendors. 223 F.3d at 1086.  The Bancroft & Masters Court reasoned that such contacts were not "continuous and systematic." Id. The Ninth Circuit further opined that defendant's license agreements with California vendors and entities "constitute doing business *with* California, but do not constitute doing business *in* California," such that said acts did not represent the kind of activity that approximates physical presence within California's borders. Id.

Here, even more so than in Bancroft & Masters, there is no evidence of Mr. Anand having the type of continuous and systematic business contacts with California that would subject him to general jurisdiction.  Mr. Anand has, inter alia, never conducted any business activities in the State of California; never received any income or revenue from business activities in California, or from interstate or international commerce involving California; never resided in California; never and currently does not own or lease any real or personal property located in California in his individual or any other capacity; never had and currently does not have any bank or investment accounts of any type in California in his individual or any other capacity; never bought or sold and currently does not buy or sell any assets in California in his individual or any other capacity; never employed and currently does not employ anyone in California in his individual or any other capacity; never filed and currently does not file any tax returns in California in his individual or any other capacity; never been and is currently not an owner of any business that is registered in California; never been and is currently not a controlling shareholder of any corporation that is registered in California; and never instituted any legal action in California. See Exhibit 1 at 5, Anand Aff. at 2-3.

Nor can Mr. Anand's contacts in California while acting as an owner and officer of Dani II, or Dani II's sales of KAS New York merchandise in California, subject him to general jurisdiction there. [4] See Wolf Designs, Inc., 322 F. Supp.2d at 1072; Colt Studio, Inc. v.

---

[4] Although the issue was not before the court in the SDNY Action, nor is before this Court, Bonita also fails to establish the type of continuous and systematic business contacts in the State of California needed to support an

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

Badpuppy Enterprise, 75 F. Supp.2d 1104, 1111 (C.D. Cal. 1999). "KAS New York" is a fashion label/brand owned by Dani II – not Mr. Anand. There is no credible evidence to support Bonita's conclusory assertion to the contrary. As such, the Complaint is wholly deficient of any facts that would support an exercise of general jurisdiction over Mr. Anand, as an individual.

   ii. No facts support an exercise of specific jurisdiction in California.

   Bonita's conclusory allegations also fail to establish that Mr. Anand possessed the requisite "minimum contacts" with California to support an exercise of specific jurisdiction.

    a. *No purposeful direction*

   In the Ninth Circuit, "purposeful direction" is evaluated under the three-part "effects" test derived from the United States Supreme Court case Calder v. Jones, 465 U.S. 783 (1984). See Fred Martin Motor Co., 374 F. 3d at 803. The Calder "effects" test requires that the non-resident defendant "allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. The plaintiff bears the burden of satisfying the first two prongs of the Calder "effects" test. Id. at 802. "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." Id. Additionally, "[m]ere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other 'unreasonable participation' in the unlawful conduct by the individual." Wolf Designs, Inc., 322 F. Supp.2d at 1072.

   Here, Bonita cannot submit **any** evidence that Kirat Anand, acting in his individual capacity, committed an intentional act in the forum state. To the extent that Bonita claims that certain KAS New York-brand products infringed upon its copyright, there is absolutely no evidence that Mr. Anand ever sold a KAS New York product in his individual capacity. To the

---

exercise of general jurisdiction over Dani II. See Bancroft & Masters, Inc., 223 F.3d at 1086; see also Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)(occasional sales to California residents insufficient to create general jurisdiction).

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

contrary, every invoice for every sale of KAS New York brand goods was made in the name of Dani II.  Simply put, there was no "intentional act."

In fact, there is no evidence of record that any allegedly infringing articles were sold in California by Dani II or any other entity.  In response to Bonita's discovery requests in the SDNY Action, Mr. Anand produced invoices showing the city and state to which each order containing allegedly infringing garments shipped.  Not one of the allegedly infringing garments was shipped to California.  See Exh. 1, Mercer Aff. at Ex. C.

Nor would it be enough to impute liability to Dani II based on awareness that garments that it sold to non-California entities  might make their way through the stream of commerce to California.  As the Supreme Court held in Asahi Metal, and as the Ninth Circuit has also held, awareness, alone, that products were placed into the stream of commerce is insufficient to subject a non-party to jurisdiction in a foreign forum. See Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007) ("The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state . . . . Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state.").

Thus, even if the Court were to impute Dani II's contacts to Mr. Anand, there is no basis in fact to support a finding of an intentional act expressly aimed at California.

b.  *Claims alleged do not arise out of Mr. Anand's forum-related activities*

Bonita wrongly and conclusorily alleges that its claims arise out of Mr. Anand's purported forum-related activities – without providing evidence of any such activities.  Bonita improperly ascribes the actions of Dani II, a corporate entity, and its "KAS New York" *brand* to Mr. Anand, again, without basis.  Bonita's attempts to paint Mr. Anand with the same brush as Dani II fail.  Bonita cannot simply disregard the fiduciary shield doctrine and its obligation to

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

assert jurisdictional facts, individually. <u>See</u> <u>Wolf Designs, Inc.</u>, 322 F. Supp.2d at 1072; <u>Colt Studio, Inc.</u>, 75 F. Supp.2d at 1111.

Mr. Anand has sworn unequivocally that he has never individually (or in any other capacity) conducted business activities in California. <u>See</u> Ex. 1, Anand Aff. at 2-3.   The jurisdictional discovery produced by Mr. Anand establishes, beyond question, that the business of KAS New York was conducted by Dani II – not Mr. Anand. <u>See</u> Ex. 1, Mercer Aff. at Exs. A-C.   Evidence supporting that Dani II is the owner and operator of the KAS New York label include the following:

- Certificate of Incorporation for Dani II; (Mercer Aff. at Ex. A)
- Letter from the United States Small Business Administration addressed to Dani II; (Mercer Aff. at Ex. A)
- Documents from the New York State Department of Tax & Finance addressed to Dani II; (Mercer Aff. at Ex. A)
- Certificate of Property Insurance for the office address of Dani II, naming Dani II as the beneficiary; (Mercer Aff. at Ex. A)
- Certificate of Fire Insurance for the office address of Dani II, naming Dani II as the beneficiary; (Mercer Aff. at Ex. A)
- A print-out from the online records of the New York Department of State, Division of Corporations showing good standing of Dani II; (Mercer Aff. at Ex. A)
- Corporate Tax Returns for 2009, 2010, 2011 and 2012 for Dani II; (Mercer Aff. at Ex. A)
- Individual Tax Returns for 2009, 2010, 2011 for Kirat Anand; (Mercer Aff. at Ex. A)
- Independent Accountant's Compilation Reports for tax years 2010 and 2011 for Dani II; (Mercer Aff. at Ex. A)

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

- Dani II's corporate account payment register showing rent payments for office space paid by corporate entity; (Mercer Aff. at Ex. A)

- Dani II's corporate account payment register showing payments for fashion tradeshows on behalf of corporate entity; (Mercer Aff. at Ex. A)

- Lease Agreement in the name of Dani II; (Mercer Aff. at Ex. A)

- Application filed with the Federal Trade Commission for receipt of RN number for Dani II; (Mercer Aff. at Ex. A)

- Internal sales register of Dani II, showing sales of KAS New York-brand products; (Mercer Aff. at Ex. A)

- Customs slips in the name of Dani II; (Mercer Aff. at Ex. A)

- Invoices issued by Dani II to Scoop; (Mercer Aff. at Ex. A)

- Invoices issued by Dani II to Fred Segal; (Mercer Aff. at Ex. A)

- Invoices issued by Dani II to Rue La La; (Mercer Aff. at Ex. A)

- Cancelled checks for invoices made payable to Dani II; (Mercer Aff. at Ex. A)

- Certificate issued to Dani II from New York & New Jersey Minority Supplier Development Council, Inc.; (Mercer Aff. at Ex. A)

- Bank account statements for Dani II; (Mercer Aff. at Ex. A)

- Minutes from the Shareholder Meeting of Dani II, for years 2001, 2008, 2009, 2010, 2011, 2012, 2013; (Mercer Aff. at Ex. A)

- Bylaws of Dani II; (Mercer Aff. at Ex. A)

- Invoices from fashion tradeshows showing Dani II; (Mercer Aff. at Ex. A)

- Employment Agreements with employee(s) of Dani II; (Mercer Aff. at Ex. A)

- Independent Sales Representative Contract Agreement for independent contractors of Dani II; (Mercer Aff. at Ex. A)

- 3 years of invoices as to Dani II's sale of KAS New York-brand products in the state of California; (Mercer Aff. at Ex. B)

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

- All customer invoices as to Dani II's sale of allegedly infringing KAS New York-brand products. (Mercer Aff. at Ex. C)
- Packing slips; (Third Production)
- Canceled Checks paid to Dani II; (Third Production) and
- Dani II's credit card processing statements. (Third Production)

Accordingly, as there is no evidence that Mr. Anand expressly directed the complained of activities at California, and overwhelming evidence that Dani II conducted the business of KAS New York – not Mr. Anand acting in his individual capacity – Bonita cannot satisfy its burden of proof on the second prong of the Calder "effects" test.

c.   *Exercise of jurisdiction unreasonable*

As mentioned above, Mr. Anand has no connection with the State of California. Moreover, as Bonita did not allege and cannot prove the first two prongs of the Calder "effects" test, any exercise of jurisdiction over Mr. Anand would offend "traditional notions of fair play and substantial justice." See Fred Martin Motor Co., 374 F. 3d at 801-2.   Implicitly acknowledging that there is no evidence that Mr. Anand has any contacts with California, Bonita performs a Texas two-step:  (1) KAS New York does business in California; (2) Kirat Anand is KAS New York.  As stated above, Bonita fails to make the case that KAS New York is doing business in California.  As discussed below, Bonita's argument that Mr. Anand *is* KAS New York is wholly disingenuous and based on flimsy speculation.

Bonita's argument that Mr. Anand is personally subject to jurisdiction in California boils down to a handful of online entries, which were written by interns. [SDNY ECF # 20] at 5; Ex. 1, Mercer Aff. at Exhibit B.  The entries state: "KAS was created by the brand's namesake and founder," and that Mr. Anand "launched KAS New York." Exhibit 1, Def.'s Mem. at 2-3. These marketing statements do not have the power to dissolve the corporate form. Ex. 1, Mercer Aff. at Ex. A (the First Production).  Mr. Anand *is* the driving force behind and founder of the KAS New York brand, in that he formed the entity that formed the brand.  None of this provides

14

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

a basis to impute the actions of Dani II to Mr. Anand, any more than any other fashion designer or media mogul is personally liable for "launching" or "founding" a company or brand.

The above statements could have been more artfully worded, but fall far short of the "gotcha" moment that Bonita claims them to be.  All of the objective evidence supports the fact that Dani II ran and still runs the business of KAS New York, regardless of a Wikipedia and website entry extolling that Mr. Anand founded KAS New York.

As Bonita has failed to allege, and cannot allege, facts to support either general or specific jurisdiction over a non-resident defendant in California, this Court lacked personal jurisdiction over him.  Accordingly, the default judgment must be vacated and this action must be dismissed pursuant to Rules 55(c) and 60(b)(4) of the Federal Rules of Civil Procedure.

**C.   Alternatively, Bonita's misconduct and misrepresentations to the Court warrant vacatur, as Bonita knew and concealed the fact that it had sued the wrong party**

The Court should vacate the default judgment pursuant to Rule 60(b)(3) based upon Bonita's baseless jurisdictional allegations against an individual—who resides over 3000 miles away from the forum state—then withholding evidence from this Court that it sued the wrong party. See Ex. 1, First Motion to Dismiss (Anand Aff. at Ex. A); Fed. R. Civ. P. 60(b)(3); see De Saracho v. Custom Food Machinery, Inc., 206 F. 3d 874, 880 (9th Cir. 2000). Because misconduct under Rule 60(b)(3) "is the same as the court's ability to impose sanctions through its Rule 11-like power," (Brownstein, 15 B.U. PUB. INT. L. J. at 165) and since courts have awarded Rule 11 sanctions for making unsubstantiated jurisdictional allegations as Bonita did here (see Frontline Ventures Ltd., 792 F.2d at 800), this Court should exercise its discretion in vacating the default judgment and award Defendant his costs in connection with this action.

Bonita represented to the Court, as fact, that it "discovered" that Mr. Anand operated "KAS New York" as a dba, and that it had no "information that would assist in naming the proper entity." See [ECF No. 23] at 2-3.  Not only are these allegations untrue, but Bonita *knew* they were false. See Ex. 1, First Motion to Dismiss (Anand Aff. at Ex. A).  Bonita's allegations in the Complaint and its counsel's declaration in the Application for Default Judgment

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

"constitute[] mainly unsubstantiated conjecture concerning the status of" the  KAS New York *brand* and Mr. Anand. See Cohen, 45 F.Supp. 2d at 432.  Bonita's counsel did not and cannot point to any competent evidence to corroborate her allegations.  In fact, the evidence in the record now proves that Bonita blatantly ignored its jurisdictional failings and refused to correct is error. See Ex. 1, First Motion to Dismiss; Ex. 1 at Mercer Aff.; Ex. 3.

Had Bonita not deliberately withheld its knowledge of the information regarding the existence and corporate status of Dani II from the Court, the Court would have been compelled to dismiss the action for lack of personal jurisdiction over Mr. Anand. See Section B above. Thus, dismissal was avoided only by Bonita's wrongdoing and misrepresentations to the Court. This behavior is sanctionable. See Frontline Ventures Ltd., 792 F.2d at 800-01 (upholding Rule 11 sanctions concerning a complaint that "completely lacked a factual foundation for subject matter jurisdiction"); Larson, Case No. CV 11-01111-PHX-FJM (awarding Rule 11 sanctions for baseless jurisdictional allegations in complaint); Cohen, 45 F.Supp. 2d at 432 (same); Hussey Copper, Ltd., 121 F.R.D. at 253-54 (same).  As such, should this Court not vacate the default judgment as void for lack of personal jurisdiction over Mr. Anand, Mr. Anand respectfully requests that this Court exercise its discretion under Rule 60(b)(3) to vacate the default judgment.

Mr. Anand also seeks sanctions against Bonita in the form of dismissal, reasonable attorneys' fees and costs, against Bonita and its counsel pursuant to 28 U.S.C. §1927 and the Court's inherent power for Bonita's blatant and knowing jurisdictional misrepresentations to the Court.

## CONCLUSION

Because Bonita has failed to provide any evidence to support an exercise of personal jurisdiction over Mr. Anand in California, and as Bonita misrepresented the basis for jurisdiction over Mr. Anand and engaged in misconduct, the default judgment must be vacated as void and this proceeding must be dismissed in its entirety.

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**

DATED this 9th day of January 2014,

Respectfully Submitted:

JEONG & LIKENS, L.C.

By:      /s/ Chan Yong Jeong
          Chan Yong Jeong, Esq.
          Thomas Rimbach, Esq.
          1055 W. 7th Street, Suite 2280
          Los Angeles, CA 90017
          Tel:  (213) 688-2001
          Fax:  (213) 688-2002
          Email: jeong@jeonglikens.com
                    thomas@jeonglikens.com

*Counsel for Defendant Kirat Anand*

**DEFENDANT KIRAT ANAND'S MOTION TO VACATE**